STATE OF TENNESSEE, obo )
LINDA C. BRITTON, )
)
    Plaintiff/Appellee, )    Appeal No.
)    01-A-01-9507-CV-00293
v. )
)    Coffee Circuit
ROBERT EUGENE KYER, )    No. 1545-D
)
    Defendants/Appellant. )

**FILED**

**December 1, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM CIRCUIT THE COURT FOR COFFEE COUNTY

AT MANCHESTER, TENNESSEE


THE HONORABLE GERALD L. EWELL, SR., JUDGE



CHARLES W. BURSON
Attorney General & Reporter

JAMES H. TUCKER, JR.
Assistant Attorney General
1501 Parkway Towers
404 James Robertson Parkway, Suite 1510
Nashville, Tennessee 37243-0499
    ATTORNEY FOR PLAINTIFF/APPELLEE



CATHY GRADY CONLEY
200 North Washington
Tullahoma, Tennessee 37388
    ATTORNEY FOR DEFENDANT/APPELLANT




AFFIRMED AS MODIFIED
AND REMANDED

# O P I N I O N

This cause commenced when plaintiff Linda Britton filed a petition to establish paternity and for child support in West Virginia, pursuant to that state's Uniform Reciprocal Support Act (URESA). The petition was forwarded to the Circuit Court for Coffee County, Tennessee for prosecution.

Following blood tests of the parties and the child that showed the probability of defendant Robert Eugene Kyer being the father had a probability of 99.99%, an "Agreed Order of Paternity" was entered.

Thereafter, a hearing was held to determine the amount and necessity of the support order. The defendant introduced evidence and a stipulation of the parties regarding the amount of his income. He introduced evidence for the ten years immediately prior to the hearing and the parties stipulated the amount of defendant's earnings for the first eight years of the child's life. The amount of defendant's income was uncontradicted by any proof in the record.

The trial court awarded plaintiff judgment in the amount of $41,940.98 for eighteen years of child support based on 21% of $199,718.93, which was defendant's total income from September 1, 1975 through December 1994.

After defendant had appealed to this court, the trial court on 10 April 1995, sua sponte wrote defendant's counsel and the Assistant District Attorney, in pertinent part, as follows:

Dear Counsel:

It has been pointed out to me recently by Professor Don Paine that an amendment to the child support

2

guidelines effective December 14, 1994 provides in
paragraph (1) chapter 1240-2-4-.04(e) as follows:
"In cases where initial support is being set, a
judgment must be entered to include an amount due
for monthly support from the date of the child's
birth or date of separation or date of abandonment
whichever is appropriate, until the current support
order is entered.  This amount must be calculated
based upon the guidelines using the average income
of the obligor over the past two (2) years and is
presumed to be correct unless rebutted by either
party.

The trial court went on to state that the order previously entered deviated from the guidelines in as much as his order covered a period of time in excess of two years.  The trial court then asked the Assistant District Attorney to draw an order amending the judgment, in compliance with the guideline quoted above.

The trial court then entered a "Amended Supplemental Decree" in which he found that the amount of defendant's income for the preceding two years was $22,238.00 or $1,853.00 per month, and after applying the guidelines to the income, found that the support of $314.00 per month was justified pursuant to the guidelines.  The trial court further found that the defendant owed for 216 months and that the judgment should be $67,824.00, and entered a supplemental decree awarding judgment in the amount of $67,824.00 to the petitioner.

The amendment to chapter 1240-2-4-.04(e) provides that the child support will be based upon the "average income of the obligor over the past two years and is presumed to be correct unless rebutted by either party." (emphasis supplied)

As we have stated, the uncontradicted evidence in this record shows that the income of the defendant obligor for the eighteen year period was $199,718.93, for the period September 1975

3

through December 1994. Applying the guidelines of 21% this calculates to $41,940.98.

The trial court erred in applying presumption since there is uncontradicted proof as to the amount of the defendant's income. The presumption was rebutted.

On remand, the trial court shall enter judgment for the plaintiff in the amount of $41,940.98, and shall set a reasonable payment schedule based upon the ability of the defendant to pay.

We have considered each of the issues presented by the defendant. We are of the opinion that the preponderance of the evidence fully supports the findings of the trial court, and the remaining issues are without merit.

It therefore results that the judgment of the trial court as modified is affirmed and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to the plaintiff/appellee.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE

4